IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECUREBUY, LLC, :
:
                Plaintiff, :
:
v. :
: C.A. No. 13-1792-LPS
CARDINAL COMMERCE CORPORATION, :
:
                Defendant. :
:

## MEMORANDUM ORDER

At Wilmington this **21st** day of **March, 2014**:

Having reviewed the parties' filings relating to Plaintiff SecureBuy, LLC's Motion to Stay Proceedings (D.I. 40; *see also, e.g.*, D.I. 41, 42, 43, 47, 48, 49, 50, 54, 55, 56, 67),[1]

IT IS HEREBY ORDERED, for the reasons stated below (as well as during the teleconference on February 7, 2014 (*see* D.I. 53), that Plaintiff's motion (D.I. 40) is DENIED.

1.       Plaintiff seeks a stay of proceedings pending resolution of a Covered Business Methods ("CBM") review at the Patent Trial and Appeals Board ("PTAB"). There is no indication that CBM review has yet been granted.

2.       On February 7, 2014, the Court heard oral argument on Defendant's then-pending Motion for Preliminary Injunction or in the Alternative, for Expedited Discovery and Trial. (*See* D.I. 12, 53) The Court denied the preliminary injunction but granted Defendant's request to expedite the case and scheduled trial for August 4, 2014. (D.I. 34) In opposing the preliminary

---

[1] The Court has reviewed the parties' letters of March 20, 2014 (D.I. 69, 70) relating to *Branch Banking and Trust Co. v. Maxim Integrated Products, Inc.*, Case CMB2013-59 (Pat. Tr. & App. Bd., March 20, 2014) (Paper 12). These letters and the issues addressed in them, as well as in the *Branch Banking* decision, do not persuade the Court to grant the requested stay.

injunction and expedited trial, Plaintiff made essentially the same arguments it makes now in support of its motion to stay. (*See* D.I. 53 at 39-42) In granting the request for an expedited trial, the Court considered the concerns now pressed again by Plaintiff. (*See, e.g., id.* at 54-63)

3. Courts consider four factors when deciding whether to stay litigation pending CBM review: (1) whether a stay will simplify the issues, (2) whether discovery is complete and a trial date is set, (3) whether there will be undue prejudice to the non-moving party, and (4) whether a stay will reduce the burden on the Court and the parties. *See* AIA § 18(b)(1). In granting Defendant's request for an expedited trial schedule, the Court considered each of these factors and found, among other things, that "[t]he defendant's allegations about harm . . . are pertinent to a decision as to how quickly to move this case along. And also quite importantly here is that the case appears to be relatively narrow and the parties appear to be far along [compared] to where most cases are a couple months after they have been filed." (D.I. 53 at 62)

4. In addition to the reasons articulated in the transcript ruling and elsewhere in this Order, the Court finds: (1) this case is already narrowed and somewhat "simplified" and, given that not even all invalidity defenses are part of the CBM request (and infringement, of course, is also not part of that request), the simplification factor does not favor a stay; (2) discovery is underway and trial is set for less than five months from now, so the second factor does not favor a stay; (3) a stay would unduly prejudice Defendant; and (4) because of the somewhat unique posture of this case, a stay would not reduce the burden on the Court (which will have to alter the schedule already entered when, most likely, something remains of this case even after completion of CBM review) and, given the prejudice of delaying resolution of the litigation, would not reduce the burden on at least Defendant.

5. There has been no substantial change in facts since the Court's ruling of February

7. The stay factors still do not weigh in favor of a stay. Accordingly, again, the Court DENIES Plaintiff's Motion to Stay Proceedings.

_____
UNITED STATES DISTRICT JUDGE